UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-2245-MJ-Torres

UNITED STATES OF AMERICA

v.

DIEGO MARTINEZ SORIANO,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014? _____ Yes __X__ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   */S/Lacee Elizabeth Monk*
     LACEE ELIZABETH MONK
     Assistant United States Attorney
     Fla. Bar No. 100322
     99 Northeast 4th Street
     Miami, FL. 33132-2111
     Tel: (305) 961-9427
     Fax: (305) 536-4699
     Lacee.Monk@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. |
| DIEGO MARTINEZ SORIANO, | ) |
| | ) |
| | ) |
| _Defendant(s)_ | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 14, 2020__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Possession of a Controlled Substance with Intent to Distribute |
| 21 U.S.C. § 952 | Importation of a Controlled Substance |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Alexander Sorokin, Special Agent, HSI
_Printed name and title_

Sworn to before me and signed in my presence.

Date: _____

_Judge's signature_

City and state:       Miami, Florida       Edwin Torres, United States Magistrate Judge
_Printed name and title_

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>DIEGO MARTINEZ SORIANO,<br><br>_Defendant(s)_ | )<br>)<br>)  Case No.<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 14, 2020__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Possession of a Controlled Substance with Intent to Distribute |
| 21 U.S.C. § 952 | Importation of a Controlled Substance |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
/s/ #9293
Complainant's signature

Alexander Sorokin, Special Agent, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: Feb 15, 2020 12:40 pm

_____
Judge's signature

City and state: Miami, Florida

Edwin Torres, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Alexander Sorokin, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent ("SA") with Homeland Security Investigations ("HSI"), and have been so employed since December 2018. I have completed the Basic Criminal Investigative Training Program and HSI's Special Agent Training Academy at the Federal Law Enforcement Training Center. I have conducted multiple criminal investigations for violations of federal and state law, including narcotics possession and trafficking, weapons possession, bulk cash smuggling, merchandise smuggling, and organized criminal activity.

2. Prior to becoming a Special Agent, I was employed with the Brevard County Sheriff's Office ("BSO") for approximately nine years. While with BSO, I served as an Investigative Agent where I conducted arrests and investigations of crimes related to child pornography, child exploitation, narcotics possession and trafficking, weapons possession, and organized criminal activity. I have a Master of Art's in Intelligence with a concentration in Homeland Security from American Military University.

3. This Affidavit is made in support of a criminal complaint, charging Diego Martinez Soriano ("SORIANO") with violating Title 21, United States Code, Section 841 (Possession of a Controlled Substance with Intent to Distribute), and Title 21, United States Code, Section 952 (Importation of Controlled Substance).

4. The information set forth in this Affidavit comes from my personal involvement in this investigation, as well as from information provided to me by others. This Affidavit does not include every fact law enforcement knows about this investigation. Rather, this Affidavit contains only those facts necessary to establish probable cause for the issuance of the criminal

complaint against SORIANO for the aforementioned criminal violations.

## PROBABLE CAUSE

5. On February 14, 2020, SORIANO entered the United States at Miami International Airport via Air Europa flight UX97 from Madrid, Spain

6. Upon disembarking the plane, SORIANO proceeded to customs where an officer from Customs and Border Protection ("CBP") asked SORIANO a series of administrative questions. SORIANO was unable to answer some of the questions and, as a result, was referred to a secondary inspection by CBP.

7. During the secondary inspection, a second CBP officer questioned SORIANO about his recent travels to Miami, Florida, and who he was visiting. SORIANO was unable to answer the questions with certainty.

8. Thereafter, CBP conducted an inspection of SORIANO's checked luggage, which SORIANO admitted to owning. Upon searching the bag, CBP discovered two cardboard boxes that were printed with images of children's small plastic toys, similar to LEGOs, on the outside. The boxes were glued shut. CBP opened the boxes and discovered that each box contained a clear plastic bag filled with pink pills.

9. CBP field tested one of the pills utilizing a GEMINI analyzer, which returned a positive presence for 3, 4 Methylenedioxy phenylacetonitrile and MDMA hydrochloride. CBP weighed both bags, which totaled 9.490 kilograms.

10. Law enforcement then advised SORIANO of his *Miranda* rights in Spanish, which he waived verbally and in writing. SORIANO advised that he met an individual in a bar approximately two (2) days ago in Barcelona, Spain, who offered him $50 Euros to transport two boxes in his suitcase to Miami, Florida. SORIANO had never met this individual before and did

2

not know his name. After meeting this individual in a bar, SORIANO and this individual went to SORIANO's hotel room where the individual placed both boxes in SORIANO's luggage. SORIANO stated he assisted the individual with placing articles of clothing around the boxes. SORIANO admitted that he thought the boxes were suspiciously heavy for being boxes allegedly carrying plastic toys. SORIANO explained that the individual instructed him to deliver both boxes to a location in Miami, Florida, on February 14, 2020, between 2100 and 2200 hours. After dropping off the boxes, SORIANO was to leave. SORIANO did not provide a specific address for the drop off location.

11. SORIANO also provided conflicting information about who purchased his ticket to Miami, Florida. SORIANO initially stated that he had paid for his ticket, but later advised that he only paid for half of his ticket and another individual, "Hugo Blanco," paid for the other half. SORIANO identified "Hugo Blanco" as a friend that he met in Ibiza, Spain, who now lives in Miami, Florida, and stated that he was going to visit "Hugo Blanco" while he was in Miami, Florida. SORIANO then advised that an individual named "Raul" paid for his ticket.

12. SORIANO's phone also contained a WhatsApp text message with "Raul" that contained a picture showing a wire transfer to SORIANO. SORIANO stated the wire transfer was for approximately $900.

3

13. Based upon my training and experience, and the facts detailed above, I respectfully submit that there is probable cause to believe that on or about February 14, 2020, SORIANO knowingly violated Title 21, United States Code, Section 841 (Possession of a Controlled Substance with Intent to Distribute), and Title 21, United States Code, Section 952, (Importation of Controlled Substance).

**FURTHER YOU AFFIANT SAYETH NAUGHT.**

_____
Special Agent Alexander Sorokin
Homeland Security Investigations

Sworn to and subscribed before
me this 14th day of February 2020.

_____
HONORABLE EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE

13. Based upon my training and experience, and the facts detailed above, I respectfully submit that there is probable cause to believe that on or about February 14, 2020, SORIANO knowingly violated Title 21, United States Code, Section 841 (Possession of a Controlled Substance with Intent to Distribute), and Title 21, United States Code, Section 952, (Importation of Controlled Substance).

**FURTHER YOU AFFIANT SAYETH NAUGHT.**

/s/
_____
Special Agent Alexander Sorokin
Homeland Security Investigations
ID #9593

Sworn to and subscribed before
me this 14th day of February 2020.

_____
HONORABLE EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE

4